FRANCIS CURTIS vs. WILLIAM MUNDY.

Under the Rev. Sts. c. 59, § 28, which provide that no unrecorded conveyance of real estate shall be valid and effectual, except against the grantor, &c. "and persons having actual notice thereof," it is not necessary, in order to render such conveyance valid against a subsequent grantee, &c., that he should have positive and certain knowledge of its existence, or such knowledge as he would acquire by seeing the deed, or being told thereof by the grantor. The notice is sufficient, if it be such as men usually act upon in the ordinary affairs of life.

WRIT OF ENTRY. The demandant claimed the land in question under a levy of an execution issued on a judgment recovered by him against one Gould ; the attachment having been made on the 3d of December 1836. The tenant claimed the land under a deed given to him by Gould on the 15th of November 1836, but not recorded in the county registry until the 6th of December 1836 ; and the defence was, that the demandant had notice of the existence of said deed, before he attached the land.

*Morton*, J. before whom the case was tried, instructed the jury that it was not necessary, in order to enable the tenant to hold under his deed, that he should prove that the demandant had positive and certain knowledge of its existence : That it was not necessary that the demandant should have such knowledge as he would acquire from having seen the deed, or being told thereof by the grantor ; but that the notice was sufficient, if it was such as men in the ordinary affairs of life usually act upon : And the judge referred, by way of illustration, to a notice of a marriage or death in a newspaper, which would show to the jury the kind of notice which the law required. To this instruction the demandant excepted. The verdict was for the tenant. Judgment to be rendered on the verdict, if the above instruction was correct ; otherwise, a new trial to be granted.

*N. J. Lord*, for the demandant.

*Ward*, for the tenant.

PUTNAM, J. By the Rev. Sts. c. 59, § 28, it is provided that " no bargain and sale, or other like conveyance, of any estate in fee simple, fee tail, or for life, and no lease, for more than seven years from the making thereof, shall be valid and

effectual, against any person other than the grantor and his heirs and devisees, *and persons having actual notice thereof*, unless it is made by a deed recorded, as provided in this chapter." The clause relating to persons having actual notice thereof was intended substantially to confirm the decisions which had been made theretofore, and which had placed such persons in the same condition as if they had had the notice which was to be given by the registry. This would be constructive notice ; and the actual notice, however given or obtained, is equivalent to the constructive notice which is given by the recording of the deed. And it has been long settled that a person who has had notice of a conveyance of real estate, and who should attach and levy upon it as the property of the grantor, would be considered as conducting himself fraudulently, although the deed should not have been recorded at the time of the attachment. And the reason is obvious : He has had such a notice of the conveyance as the registry was intended to give ; and the deed therefore shall be considered as valid against him.

The case now under consideration arises upon the instructions of the judge who tried the cause, concerning and explaining what is to be understood by *actual notice.* It has been agreed by the parties, that the evidence which was given in the case should be submitted to us, in connexion with the report, to enable us to judge of the correctness of the instructions.

The proof of the notice was, that one witness told the demandant, before he attached the land, that Gould (the former owner) had, as the witness believed, given to the tenant a deed of the land in controversy. Another witness testified, that after the demandant had attached the land, the witness asked him how he knew that the deed was not on record. The demandant replied that *he found it out*, but would not tell and did not tell the witness how. And it did not appear how the demandant obtained his information. Three other witnesses severally testified that the demandant told them, before he made the attachment, that Gould had given a deed of the land to the tenant.

The jury, upon the instructions of the judge, gave a verdict for

the tenant, on the ground that the demandant, when he attached the land as belonging to Gould, had actual notice of the deed to the tenant, and therefore that the deed should be effectual, although it was not recorded before the attachment was made.

The credibility of the testimony was left to the jury, and there is no question but that it was quite sufficient to support the verdict, provided there were no error in the instructions.

Now we all think the instructions were correct. The statute uses the phrase " actual notice," as equivalent to the constructive notice which is to be presumed from the registry. But the party claiming under the unrecorded deed is not required to prove that the party claiming under a subsequent deed or attachment had *certain knowledge* of the deed from the debtor to the party claiming under it ; such knowledge, for example, as the party claiming by the attachment or subsequent conveyance would have, if he had seen the first deed executed and delivered to the grantee. Something less than positive personal knowledge of the fact of the conveyance would be sufficient to constitute " actual notice," within the true intent and meaning of the statute.

It is exceedingly difficult, if not impossible, to define beforehand what information shall or shall not be sufficient. But if it were given by those persons who (as in the case at bar) knew the party, and much of his transactions ; and who spake not vaguely ; especially if the party himself, who was to be affected by the notice, was so well satisfied of its truth, as again and again to state or acknowledge the fact — it must be sufficient. No honest man, after such notice, could undertake, or if he did, should be permitted, to acquire title to the land which, from information given on certain knowledge, he believed had been conveyed. We think the notice should be so express and satisfactory to the party, as that it would be a fraud in him subsequently to purchase, attach, or levy upon the land, to the prejudice of the first grantee. In the language of Lord Hardwicke, as adopted by Mr. Justice Story, in his book upon Equity Jurisprudence, § 397, " the taking of a legal estate, after no

tice of a prior right, makes a person a *malâ fide* purchaser. This is a species of fraud, and *dolus malus* itself." 3 Atk. 654.

The illustration to which the judge referred at the trial, of publications of marriages and deaths in a newspaper, was certainly not less favorable to the demandant than the facts would warrant. The information does not amount to absolute certainty. That could only be known to those who were present at a marriage ceremony.

But information of the giving of a deed, brought home to a party with as much authority as the fact of the marriage or death of a friend in the newspaper, would be, as we think, actual notice within the statute. And if such actual notice or information should prove to be true, the party receiving it would be affected by it, as much as if he had seen the transaction, and so had actual knowledge of the fact ; as if, for example, after he had witnessed the conveyance, he had gone with great haste, and put an attachment upon the estate before the grantee, with ordinary diligence, had time to put his deed upon record. The statute, which is declaratory of the principles of the common law, considers such conduct to be fraudulent, and will protect the party who was thus intended to be deprived of his estate, as completely as if his deed had been recorded before the attachment.

An example, which I wish was less familiar, may be put, that will illustrate this matter. Suppose an owner of a vessel, who should read in the newspaper an account of the loss of his vessel, should obtain a policy of insurance upon her by underwriters ignorant of the fact. No honest man could maintain that the assured should recover. It would be a fraud to take the money from the underwriters under those circumstances. And so in the case at bar, the demandant, after the notice which was given to him, had no more right to take the land from the tenant, than the insured would have to take the money of the insurers in the case supposed.

We all think that judgment must be given for the tenant, according to the verdict.